IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD L. PORTER, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:20-cv-02915-N (BT) |
| § | |
| JARED WADDLE ET AL. § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edward L. Porter ("Porter"), a Texas prisoner, filed a *pro se* complaint under 42 U.S.C. 1983, in which he challenges the constitutionality of the state criminal proceedings leading to his conviction. (*See* ECF No. 3.). The Court granted Porter leave to proceed *in forma pauperis* but has not issued process pending judicial screening. For the following reasons, Porter's complaint should be dismissed.

**Background**

The Court of Appeals for the Fifth District of Texas recounted the pertinent background of Porter's underlying criminal proceedings as follows:

> Edward Lamar Porter was indicted on a charge of aggravated robbery with a deadly weapon. Following a four-day trial in which [Porter] represented himself, a jury convicted him of the lesser included offense of aggravated assault with a deadly weapon. The trial court assessed punishment, enhanced by a prior felony offense, at ten years in prison.

1

> The trial court appointed an attorney to represent appellant on appeal. Appellant's appointed counsel filed an *Anders* brief on his behalf, representing that she had "diligently reviewed the entire record and the law applicable thereto and, in her opinion, the appeal is without merit and wholly frivolous in that the record reflects no reversible error."

*Porter v. State*, No. 05-19-00194-CR, 2020 WL 4592830, at *1 (Tex. App.—Dallas Aug. 11, 2020). On August 11, 2020, however, the Dallas Court of Appeals "str[uck] the *Anders* brief filed by [his] appointed attorney and remove[d] the attorney from [the] appeal." *Id.* at *2 (citations omitted). The Court of Appeals then "abate[d] the case [to allow] the trial court [to] appoint new appellate counsel to represent [Porter]." *Id.* Porter's direct appeal remains pending. *See* Texas Fifth Court of Appeals, Docket for Case: 05-19-00194-CR, http://search.txcourts.gov/Case.aspx?cn=05-19-00194-CR&coa=coa05 (last visited October 6, 2021).

On September 22, 2020, Porter filed this action by which he seeks to impugn the underlying state criminal proceedings leading to his conviction. He sues (1) Jared Waddle, a Dallas police officer, for "official oppression, falsif[ying] reports, perjury, misrepresent[ing] facts and evidence, illegal search and seizure, racial profiling, fraud on court, and stag[ing] [a] crime scene; (2) Daniel Mulvihill, a Dallas police officer for "misrepresent[ing] facts [and] evidence, perjury, official oppression, and false (wrongful arrest)"; (3) Robert Hull, a Dallas police officer, for "conspiracy of

2

complicity, falsif[ying] reports, fraud on court, [and] stag[ing a] crime scene"; (4) John Farleigh, an EMT paramedic for the City of Dallas, for "perjury, misrepresent[ing] to [the] jury facts of incident and exaggerat[ing] severity of scene found on arrival, and complicity to enrage jury"; and (5) Marshiela Dondria Bowman, Dallas County District Attorney, for "affirm[ing] and validat[ing] reports she knew to be false, reckless disregard for [the] truth (no probable cause); evidentiary presumptions not supported by facts or evidence, endors[ing] fraud, conspiracy, complicity—fraud on court." (ECF No. 3 at 3.)

As for facts to support claims against these Defendants, the entirety of Porter's allegations are as follows:

> Official oppression, conspired, and complicit in fraud on Court, and jurors, to deprive plaintiff of civil liberties, Constitutional rights, others (officials) to be named, Magistrates, District Attorney-assistants, Judges, and conflicted, complicite [sic] state appointed public defenders, all were derelict of duties, and abused authority, process, offices, public confidence, and finances, perpetuate (orchestrate), and execute a constructive fraud, fraudulent concealment, misrepresentation to procure wrongful conviction, and wrongful imprisonment, plaintiff denied due process, proceedings-equal protection, preliminary hearings, etc. Subjected to excessive bail. Perjury, stage crime scene, falsification of reports, biased judges, malicious prosecution.

*Id.* at 4.

Porter seeks monetary relief—in the amount of $50 million—and, liberally construing his complaint, an order from this court to "grant a civil attorney to suit all adverse parties to criminal trials, proceedings, and indictments . . . " *Id.*

## Legal Standards

Porter's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead

those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A case is not frivolous simply because it fails to state a claim. *Neitzke v. Williams*, 490 U.S. 319, 331 (1989). But if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e). *Henry v. Kerr Cnty.,Texas*, 2016 WL 2344231, at *4 (W.D. Tex. May 2, 2016) (collecting cases). A complaint is legally frivolous if it is premised on an "undisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. "An *in forma pauperis* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e)." *Henry*, 2016 WL 2344231, at *4 (citing *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993)).

And, "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

**Analysis**

Initially, the undersigned observes that Porter's conviction is not final. "The Texas Court of Criminal Appeals has 'repeatedly held that judgment of conviction is not final while the conviction is on appeal.'" *Bean v. Alcorta*, 220 F.Supp.3d 772, 776 (W.D. Tex. 2016) (quoting *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014)). So, *Younger v. Harris*, 401 U.S. 37 (1971), which, in some instances, prevents a federal court from exercising jurisdiction when doing so would interfere with an ongoing state judicial proceeding, is potentially applicable.

"In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). However, the Fifth Circuit has held *Younger* does not apply to claims for monetary damages. *See Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (citing *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988)). And the Supreme Court has indicted that even if *Younger* does apply to requests for monetary relief, "the proper course of action is for a district

court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x. 517, 519 (5th Cir. 2014) (per curiam) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). "However, this preference for a stay applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Id.* (citing *Deakins*, 484 U.S. at 204); *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); *Cassell v. Osborn*, 23 F.3d 394, 1994 WL 159424, at *2 (1st Cir. 1994) (unpublished)). The Fifth Circuit has interpreted "this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Boyd*, 575 F. App'x. at 520 (citations omitted). As discussed below, because Porter's claims are frivolous, no stay is required as to his request for monetary damages.

But the three-factor *Younger* analysis favors abstention as to the requested injunctive relief. Apparently, Porter seeks the appointment of an attorney to prosecute Defendants for their actions—both before and during his criminal trial—that led to his conviction. First, "[i]n order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceeding." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). Interference is established "whenever the requested relief would

7

interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of the proceeding directly." *Joseph A. v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002). Here, the arrest of participants in ongoing state criminal proceedings because of their actions in those proceedings would undoubtedly interfere with the proceedings. Second, the ongoing criminal proceedings implicate an important state interest because "[t]he state has a strong interest in enforcing its criminal laws." *Wightman-Cervantes v. Tex.*, 2005 WL 770598, at *4 (N.D. Tex. Apr. 6, 2005) (quoting *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984)). And third, Porter "has not alleged any facts showing that [he] was barred from raising [his] constitutional concerns in the state court proceedings." *Thomas v. State*, 294 F.Supp.3d 576, 594 (N.D. Tex. Feb. 13, 2018) (citation omitted); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Thus, *Younger* abstention applies to the claim for injunctive relief. And given the clear applicability of *Younger*, this claim for injunctive relief is without an arguable basis in law or fact and may be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i).

As for Porter's claims for monetary relief, the Court need not stay these proceedings because Porter's allegations are frivolous. *See Boyd*, 575 F. App'x. at 520. For the most part, Porter includes only a series of legal conclusions, or, perhaps more accurately, terms, without supporting facts. (*See* ECF No. 3 at 4.) And "[a]n IFP complaint that recites bare legal

8

conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915[e]." *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990*); see also Brinson v. McKeeman*, 992 F. Supp. 897, 905 (W.D. Tex. 1997) (same).

As for factual allegations, Porter alleges—again without any support—that the Dallas police officer Defendants falsified reports; staged the crime scene; misrepresented facts and evidence; and that "magistrates, district attorney-assistant, Judges, and conflicted, complicit [sic] state appointed public defenders" conspired and acted together to perpetrate a "constructive" fraud on the court and ultimately obtain Porter's wrongful conviction in violation of his constitutional rights. (*See generally* ECF No. 3 at 3-4.) These allegations, though, are frivolous in the absence of any supporting factual material. *See Williams, Scott & Associates LLC v. United States*, 838 F. App'x. 501, 501-02 (11th Cir. 2021) ("In any event, the district court did not abuse its discretion in dismissing the amended complaint as frivolous. Williams's naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating a claim is factually frivolous "only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (citations and

quotations omitted in original); *Phillips v. Mashburn*, 746 F.2d 782, 783, 785 (11th Cir. 1984) (upholding the district court's dismissal without prejudice of an IFP 42 U.S.C. § 1983 complaint as frivolous when it presented merely a "naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts").

Further, any claim for monetary damages against the Dallas County ADA specifically would be barred by prosecutorial immunity. *See Ealy v. Mitchell*, 2019 WL 8165259, at *2 (E.D. Tex. Nov. 20, 2019), *rec. accepted*, 2020 WL 1124360 (E.D. Tex. Mar. 6, 2020) ("Any claim for monetary damages from the prosecutor, Allyson Mitchell, is barred by the doctrine of prosecutorial immunity [, and] is frivolous and fails to state a claim upon which relief may be granted.") (citing *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1989)).

In sum, the complete lack of factual support for Porter's conclusory allegations shows that his claims for monetary relief are irrational or wholly incredible. Porter's claims, both for monetary and injunctive relief, should be dismissed with prejudice as frivolous.

## Conclusion

The Court recommends that Porter's claims for both injunctive and monetary relief should be DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i).

SO RECOMMENDED.

October 6, 2021.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).